SO ORDERED.

SIGNED this 12th day of June, 2015.



_Dale L. Somers_
Dale L. Somers
United States Bankruptcy Judge

_____

**Opinion Designated for Electronic Use, But Not for Print Publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In re:** | |
| **KEITH ALLEN SWENSON,** | **CASE NO. 14-40173-12** |
| **VICTORIA ANNE SWENSON** | **CHAPTER 12** |
| **DEBTORS.** | |

**OPINION DISALLOWING CLAIM FILED BY SUNFLOWER BANK, N.A.**

This matter is before the Court on the Debtors' objection[1] to Proof of Claim No.

14, filed by Sunflower Bank, N.A.  A hearing on the matter was held on April 27, 2015.

The Debtors appeared by counsel David R. Klaassen.  Sunflower Bank appeared by

counsel Michael R. Munson of Gay, Riordan, Fincher, Munson & Sinclair.  Chapter 12

Trustee Eric C. Rajala appeared by phone, and the United States appeared by Assistant

---

[1]Doc. 43.

U.S. Attorney Tanya Wilson.  The Court has considered the matter and is now ready to rule.

**Facts**

The Debtors commenced this case by filing a petition for Chapter 12 relief on March 7, 2014.  That same day, they filed a creditor matrix which included Sunflower Bank as one of their creditors.  They did not file their schedules until April 4, 2014, and on Schedule D, they listed Sunflower Bank as a creditor holding two secured claims against them.  The real property that secures Sunflower's claims includes the Debtors' principal residence.  A meeting of their creditors pursuant to § 341 of the Bankruptcy Code was scheduled for April 8, 2014.  Notice of the meeting was sent to their creditors, and the notice also advised that the deadline for non-governmental creditors like Sunflower to file a proof of claim was July 7, 2014.  Sunflower has not suggested it was not adequately informed of this claims bar date.

On May 9, 2014, an attorney filed a notice of appearance and request for notice, saying he was appearing for Sunflower Bank and asking for notices to be served on him via CM-ECF or at his street address.  His notice also said, "Sunflower is a creditor and party in interest in the above-captioned case and, therefore, is entitled to notice and the right to be heard as to all matters that may affect Sunflower, the Debtors, property of the Debtors, or property in which Sunflower may claim an interest."

Sunflower did not file a proof of claim by July 7, 2014, and the Debtors did not file one on the bank's behalf at any time.  Instead, the bank's attorney filed a proof of

2

claim for the bank on August 11, 2014. That proof of claim said the Debtors owed

Sunflower $44,976.44, and the bank's claim was secured by property worth $90,000.

On September 22, 2014, the Debtors filed an objection to Sunflower's proof of

claim, arguing it should be disallowed under § 502(b)(9) because it was not timely filed.

Sunflower responded, largely arguing the Debtors' objection was contrary to their own

best interests. On January 26, 2015, at a hearing on the claim objection, a briefing

schedule was set, and oral argument was scheduled for April 27, 2015.

In the meantime, the Debtors had obtained several extensions of the time for them

to file a plan, and they ultimately filed one on September 19, 2014.[2] In the plan, they

propose to treat Sunflower's two claims as disallowed claims, and make no payments to

the bank during the plan's five-year term. Citing *In re Boucek*, 280 B.R. 533 (Bankr. D.

Kan. 2002), they say the bank's failure to file a timely proof of claim means its claim will

be disallowed, and it is deprived of the right to participate in plan distributions during the

plan period, although it will retain its lien on its collateral. Consequently, they propose to

make no payments on the bank's claims and for no interest to accrue during their plan.

They propose, however, to provide adequate protection for the bank by paying all real

estate taxes and assessments on the real property that secures the bank's claims, and

paying for insurance on the property. After they complete their plan, the Debtors propose

to pay the bank's claims, plus interest, by making 180 monthly payments. Sunflower has

---

[2]Doc. 41.

objected to the plan. The United States, on behalf of the IRS, has also objected to the plan.

On January 2, 2015, still before the hearing on the Debtors' objection to its claim, Sunflower filed a motion for stay relief. It alleged the Debtors had not made the monthly payments that were due on March 1, 2014, when they filed their bankruptcy petition, but on March 20, 2014, made a payment on one of the loans of somewhat more than the amount that was due on March 1. The bank further alleged the Debtors were in arrears for nine monthly payments that had come due on each loan after the Debtors filed bankruptcy. Sunflower described the proposed treatment of its claims under the Debtors' plan, and alleged the Debtors did not have sufficient equity in its collateral to justify what the bank called "the payment vacation" proposed by the plan, which therefore did not adequately protect the bank's interest in its collateral. The Debtors opposed the motion. Both the motion and the Debtors' plan are set for an evidentiary hearing on June 10, 2015.

On March 3, 2015, Sunflower filed a brief in support of its response to the Debtors' objection to its proof of claim. In it, the bank argues the notice and entry of appearance its attorney filed in May 2014 constituted an informal proof of claim that was filed before the claims bar date, and therefore the Court should allow its claims as filed after the bar date. The Debtors filed their opposing brief on April 7, 2015.

**Discussion**

Section 502(b)(9) of the Bankruptcy Code provides that, with certain exceptions, if

an objection to a claim is made, the claim is to be disallowed if "proof of such claim is

not timely filed." Sunflower concedes the proof of claim it filed in August 2014 was not

timely under Federal Rule of Bankruptcy Procedure 3002(c), and none of the exceptions

in the rule applied to give it more time to file a proof of claim. The Seventh Circuit has

ruled in a Chapter 12 case that a bankruptcy court has no power in that circumstance to

allow a late-filed proof of claim on equitable grounds.[3] Furthermore, the Circuit ruled the

fact the debtor's plan provided for the creditor's claim to be allowed and paid was not

sufficient to excuse the late filing of the creditor's proof of claim.[4] Unless Sunflower did

something before the claims bar date that can be treated as the equivalent of filing a proof

of claim, its untimely proof of claim must be disallowed.

Sunflower argues that it did file something before the claims bar date that was as

good as a formally-filed proof of claim, namely the notice of appearance and request for

notice that the attorney filed on the Bank's behalf in May 2014. The bank contends this

constituted an informal claim that its later proof of claim permissibly amended. In *In re

Reliance Equities*,[5] the Tenth Circuit recognized a five-part test for determining whether a

document filed before the claims bar date qualifies as an informal proof of claim that the

creditor who filed the document can later amend by filing a formal proof of claim. The

---

[3]*In re Greenig*, 152 F.3d 631, 633-36 (7th Cir. 1998).

[4]*Id.*

[5]966 F.2d 1338 (10th Cir. 1992) (quoting *In re Bowers*, 104 B.R. 362, 364 (Bankr. D. Colo. 1989).

test is:

> 1. the proof of claim must be in writing;
> 2. the writing must contain a demand by the creditor on the debtor's estate;
> 3. the writing must express an intent to hold the debtor liable for the debt;
> 4. the proof of claim must be filed with the Bankruptcy Court; and
> 5. based on the facts of the case, it would be equitable to allow the amendment.

The parties cited the part of Chief Judge Nugent's opinion in *In re Boucek*[6] that

considered the informal proof of claim doctrine in a Chapter 12 case. There, the creditor

had filed a notice of appearance and request for service, and had approved an agreed

order about the debtors' request for postpetition financing. After quoting the test set out

in *Reliance Equities*, Judge Nugent said, "Neither document contains a demand by the

[creditor] on the debtors' estate or expresses an intent to hold the debtors liable for the

debt," and ruled no informal proof of claim had been filed.[7] The opinion did not quote

the notice of appearance and request for service, and Sunflower tries to distinguish its

document from the one filed in *Boucek* by pointing out that after the attorney stated he

was entering his appearance on behalf of the bank and asked for all notices and pleadings

in the case to be served on him, he added, "Sunflower is a creditor and party in interest in

the above-captioned case and, therefore, is entitled to notice and the right to be heard as to

all matters that may affect Sunflower, the Debtors, property of the Debtors, or property in

which Sunflower may claim an interest." The Court is not convinced by this attempted

---

[6]280 B.R. 533, 535-36 (Bankr. D. Kan. 2002).

[7]*Id*. at 536.

distinction. The quoted language still does not state any amount for Sunflower's claim against the Debtors, assert any demand on the Debtors' bankruptcy estate, or express any intent to hold the Debtors liable for the debt that made the bank one of their creditors.

Sunflower also cited a more recent Chapter 12 case, *In re Spresser*,[8] in which Judge Karlin considered the informal proof of claim doctrine. In that case, Judge Karlin concluded the creditor had not filed any document that qualified as a timely informal proof of claim even though before the bar date, the creditor had filed (1) an objection to the debtors' claimed exemptions, (2) a motion for relief from the automatic stay, and (3) an adversary complaint objecting to the discharge of a debt owed by one of the joint debtors. She reviewed the objection to exemptions, and found it was in writing and was filed before the bar date, but did not indicate the creditor had a claim against the debtors, did not state the amount of any such claim, did not make a demand against the estate, and did not indicate an intent to hold the debtors liable for any debt. She reviewed the stay relief motion, and found it was in writing, filed before the bar date, indicated the debtors owed the creditor a debt, and stated the amount of the debt as of the filing date. However, Judge Karlin carefully reviewed the eight paragraphs of the stay relief motion and could find no demand for payment from the estate or any assertion of an intent to hold the debtors liable. Finally, she reviewed the adversary complaint, and similarly concluded it contained no request for a distribution from the estate and made no demand on the estate.

---

[8]2011 WL 2083964 (Bankr. D. Kan. May 19, 2011).

If these extensive documents are inadequate, the minimal assertions Sunflower made in its entry of appearance and request for notice are certainly insufficient to qualify as an informal proof of claim.

Sunflower questions the Debtors' motives in objecting to its late-filed claim, and questions their ability to get a plan confirmed if the claim is disallowed. But Sunflower has cited no authority suggesting such considerations can have any impact on the Court's decision whether to allow the bank's late-filed claim. Under the circumstances, the Court concludes § 502(b)(9) requires it to disallow the claim.

**Conclusion**

For these reasons, the Debtors' objection the Sunflower Bank's proof of claim is sustained. Proof of Claim No. 14 is hereby disallowed.

# # #